# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BONNIE FINKEL, as Chapter 7 Trustee of the Estate of LEONARD POLICHUK,** : | MISCELLANEOUS ACTION |
| **Plaintiff,** : | |
| v. : | NO. 10-219 |
| **LEN POLICHUK,** : | |
| **Defendant.** : | |

**DuBOIS, J.**                                                                                     **June 8, 2011**

**M E M O R A N D U M**

## I. INTRODUCTION

In this action, several defendants in a suit pending in the United States Bankruptcy Court for the Eastern District of Pennsylvania seek leave of this Court to challenge a portion of the Bankruptcy Judge's order denying in part their partial motion to dismiss. For the reasons that follow, their Motion for Leave to Appeal is denied.

## II. BACKGROUND

The factual background of this case is complex and will only be repeated in this Memorandum as is necessary to explain the Court's ruling on the instant motion. In 2008, debtor Len Polichuk filed a voluntary petition in the United States Bankruptcy Court for the Eastern District of Pennsylvania for relief under Chapter 7 of the Bankruptcy Code. Bonnie Finkel was subsequently appointed the Chapter 7 Trustee. In January 2010, Finkel brought an action against Polichuk, his wife and others, seeking, <u>inter alia</u>, to use her power as trustee to avoid certain

-1-

transactions that she alleges were fraudulent. See 11 U.S.C. § 544(b) (stating that, with certain exceptions not applicable in this matter, "the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.").

Defendants in the bankruptcy action ("the bankruptcy defendants") moved to dismiss as time barred the avoidance counts to the extent they raised claims arising more than four years before the filing of the bankruptcy petition. The four-year limitations period was based on the Pennsylvania Uniform Fraudulent Transfer Act, 12 Pa. Cons. St. § 5101 et seq., which provides the underlying state authority for the Trustee's avoidance action. See 12 Pa. Cons. St. § 5109 ("A cause of action with respect to a fraudulent transfer or obligation under this chapter is extinguished unless action is brought . . . within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant.").

Finkel raised several arguments in response. Of importance to the instant motion, she argued that the applicable statute of limitations should be extended to at least 10 years because the Complaint alleged that the IRS was a creditor, and the IRS can make use of more generous statutes of limitation to collect unpaid taxes. See 26 U.S.C. §§ 6501-02. Specifically, the Trustee alleged that the debtor "took in excess of $800,000 in unreported taxable distributions, and in excess of $80,000 of unentitled tax deductions" related to his automobile dealerships and thus owes a substantial debt to the IRS. (Compl. ¶ 160.)

The bankruptcy defendants countered – and the Trustee acknowledged – that the IRS

never assessed a tax for the alleged unlawful distributions and deductions. In other words, defendants argued, the IRS is not an actual creditor but only a hypothetical creditor which could assert a claim against the debtor only if it audited him and decided to assess a tax. The bankruptcy defendants went on to argue that the Trustee does not have the power to conduct the audit or determine the debtor's tax liability.

The Bankruptcy Judge disagreed and denied the relevant part of the bankruptcy defendants' motion to dismiss. He wrote:

> Here, the Trustee has alleged that the United States, specifically the Internal Revenue Service ("the IRS"), was an actual creditor of the Debtor at the time the transfers at issue occurred and has pleaded additional facts which, if proven, support the allegation. The IRS has at least a ten year lookback period, and its rights supersede any statute of limitations under state law. Because the Trustee may step into the shoes of the IRS, she may seek to avoid transfers that occurred as far back as January 31, 1998.

In re Len Polichuk, No. 10-31, slip op. at 14 (Bankr. E.D. Pa. Nov. 23, 2010) (order granting in part and denying in part motion to dismiss) (internal citations omitted).

The Bankruptcy Judge did not address the Trustee's alternative arguments for extending the typical four-year period in which fraudulent transfer claims can be filed. Those arguments are as follows: First, the Trustee argued, the transfers were concealed and thus claims to avoid them could be brought "within one year after the transfer or obligation was or could reasonably have been discovered by the claimant," even if the transfers occurred more than four years before the filing of the bankruptcy petition. 12 Pa. Cons. St. § 5109(1). Second, the Trustee alleged that the doctrine of equitable tolling would apply in this case to extend the applicable limitations period. Third, the Trustee averred that pre-petition fraudulent conveyance actions were already pending in state court, giving the Trustee the power to avoid transactions that were timely challenged in those matters, even

if the transfers occurred more than four years before the bankruptcy petition was filed.

The bankruptcy defendants moved on December 7, 2010 for leave to appeal the Bankruptcy Judge's order denying in part their motion to dismiss. The motion became fully briefed on January 11, 2011 and is ripe for review.

## III. LEGAL STANDARD

Pursuant to 28 U.S.C. § 158(a), this Court has jurisdiction to hear appeals from orders of the Bankruptcy Court. Interlocutory appeals from Bankruptcy Court decisions are permitted only with leave from this Court. 28 U.S.C. § 158(a)(3).

Neither § 158 nor the Federal Rules of Bankruptcy Procedure provide criteria to determine whether to grant leave to file an interlocutory appeal. Courts faced with this question have applied 28 U.S.C. § 1292(b), which sets forth the requirements for interlocutory appeals from district courts to the courts of appeals. See In re Sandenhill, Inc., 304 B.R. 692, 694 (E.D. Pa. 2004). A court may exercise its discretion to grant leave to file an interlocutory appeal under § 1292(b) only if its order: (1) involves a "controlling question of law," (2) offers "substantial ground for difference of opinion" as to its correctness, and (3) if appealed immediately, "materially advance[s] the ultimate termination of the litigation." Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974). With respect to the first factor, the Third Circuit has defined a "controlling question of law" to "encompass at the very least every order which, if erroneous, would be reversible error on final appeal." Id. at 755.

All three conditions must be met before a court may certify an order for interlocutory appeal. Aparicio v. Swan Lake, 643 F.2d 1109, 1110 n. 2 (5th Cir. 1981). Moreover, a court should certify decisions for interlocutory review only in exceptional circumstances. See Coopers

& Lybrand v. Livesay, 437 U.S. 463, 474-75 (1978); Milbert v. Bison Labs., Inc., 260 F.2d 431, 433 (3d Cir.1958); AstenJohnson v. Columbia Cas. Co., No. 03-1552, 2006 WL 1805979, at *1 (E.D. Pa. June 29, 2006).

## IV. DISCUSSION

The Court acknowledges that the bankruptcy defendants' arguments about the merits of the Bankruptcy Judge's ruling have force. See In re Cybergenics Corp., 226 F.3d 237, 243 (3d Cir. 2000) ("The avoidance power provided in section 544(b) is distinct from others because a trustee or debtor in possession can use this power only if there is an unsecured creditor of the debtor that actually has the requisite nonbankruptcy cause of action."); accord Kaliner v. MDC Sys. Corp., No. 09-mc-05, 2011 WL 203872, at *7 n.7 (E.D. Pa. Jan. 20, 2011). Unfortunately for the bankruptcy defendants, however, even a ruling in their favor from this Court will not "materially advance the ultimate termination of the litigation." Thus, their Motion for Leave to Appeal must be denied.

As a general rule, appellate courts do not grant interlocutory appeals from denials of motions to dismiss because it encourages "piecemeal litigation." Caraballo-Seda v. Municipality of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005). That concern is amplified in this case because the appeal is from only part of an order that, itself, granted in part and denied in part defendants' partial motion to dismiss. The Trustee has already filed an Amended Complaint in Bankruptcy Court, and a new round of motions practice related to that Complaint is ongoing. It does not "materially advance the ultimate termination" of this case to adjudicate one relatively minor issue in this Court, while the remainder of the case proceeds in Bankruptcy Court.

Further, it is doubtful that resolution of the particular issue the bankruptcy defendants seek to place before this Court will resolve the claims to which it is related. As noted above, the

Trustee has alleged several alternative theories under which she would be allowed to recover for transfers made more than four years before the filing of the bankruptcy petition even if she is unable to make use of the IRS's expanded statute of limitations. The Bankruptcy Court has yet to address whether the trustee has adequately pleaded her claims under these theories. If presented with that issue, the Bankruptcy Court would have to determine, inter alia, whether the Complaint contains sufficient factual allegations relating to the bankruptcy defendants' efforts to conceal the transfers at issue from creditors to warrant extending the four-year statute of limitations. (See, e.g., Compl. ¶¶ 48-53); see also 12 Pa. Cons. St. § 5109(1). Thus, resolution of the IRS issue by this Court would fail to narrow the claims in this case.

The bankruptcy defendants note, correctly, that elimination of the IRS issue would curtail one potential area of discovery: the debtor's tax liabilities. Against that time saved, however, must be weighed the time spent litigating the issue in this Court and, if necessary, engaging in another round of pleadings and motions practice in the Bankruptcy Court to address the Trustee's alternative theories for extending the statute of limitations.

In sum, an interlocutory appeal of a portion of a partially granted partial motion to dismiss will not materially advance the underlying litigation in this case.[1] Accordingly, the Motion for Leave to Appeal is denied.

## V. CONCLUSION

For the foregoing reasons, the Motion for Leave to Appeal is denied. An appropriate order follows.

---

[1] This conclusion renders unnecessary resolution of the other two prongs of the test for granting interlocutory review.